**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Bunker, et al., | No. CV-24-01491-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Douglas F McCormick, et al., | |
| Defendants. | |

On October 1, 2024, the Court denied *pro se* Plaintiffs' motion to extend the deadline to amend as a matter of course. (Doc. 23.) The Court explained that "Plaintiffs request an extension (to December 21, 2024) that would give them over three months to respond to [various motions to dismiss] and then an additional month (to January 21, 2025) to amend the complaint," which was not sensible because "if [Plaintiffs] intend to amend the complaint, they should do so now, before this case becomes delayed by futile motion practice." (*Id.*) In an effort to help *pro se* Plaintiffs understand the deadlines established by Rule 15, the Court explained that "Rule 15(a)(1)(B) permits amendment as a matter of course within 21 days after service of a motion under Rule 12(b)" and clarified that this deadline was October 4, 2024. (*Id.*) The Court further clarified that "[a]fter that, Plaintiffs may still amend with Defendants' written consent or with the Court's leave." (*Id.*)

On October 8, 2024, Plaintiffs filed a renewed motion for an extension of the deadline to amend as a matter of course. (Doc. 25.)[1] Plaintiffs assert that requiring them

---
[1] Plaintiffs also attempted to file an amended complaint (Doc. 26), which was received by the Clerk's office on the same date—October 8, 2024—and was lodged by the

to adhere to Rule 15(a)(2), which requires them to procure Defendants' written consent or the Court's leave before filing an amended complaint, is judicial "misconduct" and that they are "extremely prejudiced" by the "imposed timeline of 3 days." (*Id.*)

Plaintiffs appear to misapprehend the situation as it stands. There is not a case management order in this case yet, and the Court has not yet "imposed" any deadline for amending pleadings. Plaintiffs simply missed the opportunity afforded by Rule 15(a)(1), which gave them a full 21 days to amend as a matter of course after the September 13, 2024 motions to dismiss were filed. Under Rule 15, they may still amend, but they must first procure Defendants' written consent or the Court's leave, which will be "freely" given if "justice so requires," pursuant to Rule 15(a)(2). This is not some sort of draconian requirement. To the contrary, the Rule 15(a)(2) standard has been described as one of "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiffs have offered no authority in support of the notion that *pro se* litigants are automatically entitled, upon request, to an extension of the deadline to extend as a matter of course—let alone an extension that would push this deadline beyond the briefing deadlines for the Rule 12 motions that triggered Rule 15(a)(1)(B)'s application in the first place. Having failed to amend as a matter of course, Plaintiffs must request Defendants' written consent to amend, and if they cannot procure it, they must file a motion for leave to amend that indicates "which party (or parties) will oppose the request." (Doc. 6 at 3.) Furthermore, pursuant to the Court's Preliminary Order, "[t]o amend by any means (as a

---

Clerk's office because it did not arrive in time to be filed as a matter of course. Plaintiffs have repeatedly called the Clerk's office, asserting that it was legal error for the Clerk's office to lodge the amended complaint and to list on the docket the date it was received rather than the date it was mailed. Plaintiffs are incorrect. "When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk." *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989). *See also Squalls v. Brennan*, 2020 WL 4260526, *2 (D. Ariz. 2020) (prisoner mailbox rule does not apply to non-prisoner pro se litigants). The amended complaint's date is the date on which it was received, October 8, 2024, and therefore it cannot be filed as a matter of course and was properly lodged instead of filed. The Clerk's office has indicted that one of the Plaintiffs threatened to sue a member of the Clerk's office for lodging the amended complaint with the October 8, 2024 date. Plaintiffs are strongly cautioned that harassment of the staff in the Clerk's office will not be tolerated and, if continued, could lead to an order to show cause why such conduct should not be sanctioned. *See, e.g.*, *Jimenez v. Coca-Cola Co.*, 2001 WL 1654802, *3 (D. Ariz. 2001) (sanctioning litigant for abuse of Clerk's Office staff).

matter of course, with the opposing party's consent, or by motion), the amending party must file a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added." (*Id.*)

At this early stage in the litigation, if Plaintiffs file a motion for leave to amend (one that complies with the Court's requirements, as set forth in the Preliminary Order), the request will be granted unless the Court finds that "amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Because the standard is so liberal, Defendants are likely to (and are encouraged to) stipulate to amendment unless they have particularly forceful arguments in opposition.

Accordingly,

**IT IS ORDERED** that Plaintiffs' renewed motion to extend the Rule 15(a)(1) deadline to amend as a matter of course (Doc. 25) is **denied**.

Dated this 15th day of October, 2024.

Dominic W. Lanza
United States District Judge